[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13332
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00133-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LERNADO MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Alabama

_____

(July 31, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Moss appeals his convictions for possession of cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1), imposed after he pled guilty

pursuant to a written plea agreement.  Moss argues that the district court abused its discretion by not allowing him to withdraw his guilty plea after the probation officer recommended a sentence that was higher than the otherwise applicable guideline range.[1]

We review a district court's denial of a request to withdraw a guilty plea for an abuse of discretion.  United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).  "The denial of a motion to withdraw a guilty plea is not an abuse of discretion unless the denial was arbitrary or unreasonable."  Id. (quotations omitted).

"After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if the defendant can show a fair and just reason for requesting the withdrawal."  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotations omitted).  "In determining whether the defendant has met his burden to show a fair and just reason, a district court may consider the totality of the circumstances surrounding the plea."  Id. (quotations omitted).

---

[1] The government contends that this appeal is barred by Moss's plea agreement. We decline to revisit the motions panel's determination that Moss did not knowingly and voluntarily waive his right to appeal his underlying convictions.  See United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993); dkt. 154 at 10-11.

Moss's argument is that the sentence proposed by the probation officer in the PSI was longer than Moss and the government had expected, and that this unexpected sentence undermined the negotiations that had secured Moss's plea.

We conclude that the district court did not abuse its discretion in denying Moss's motion to withdraw his guilty plea. During the plea colloquy, the magistrate judge stated that "the court will not be able to determine the advisory guideline range for your case until after a presentence report has been prepared." The court then warned Moss that "even if the sentence that is imposed on you is more severe than the sentence you expect, you will not have the right to withdraw your guilty plea. Do you understand that?" Moss indicated that he did. The magistrate judge later reiterated that "any sentence ultimately imposed on you may be different from any estimate that [your attorney] has given you. Do you understand that?" Again, Moss indicated that he did.

This colloquy follows language in the plea agreement stating that the probation officer would calculate the offense level and Moss's criminal history, which "may differ from that projected by [Moss's] counsel or the United States Attorney." The plea agreement stated that "[i]n the event that the [District] Court determines [Moss's] offense level or criminal history category to be higher than [Moss] anticipated, [he] will have no right to withdraw the plea on that basis."

3

Clearly, Moss and the government had recognized the real possibility that the PSI would propose—and the district court would then impose—a longer sentence than Moss expected.  The occurrence of this planned-for possibility did not undermine the negotiations leading to the plea.

We also note that Moss (1) had the assistance of counsel in negotiating, reviewing, and deciding to accept his plea agreement; (2) indicated in his colloquy that no promises were made to him outside those listed in the plea agreement; (3) stated that he understood the elements of cocaine distribution and acknowledged the rights he would be waiving by foregoing trial and being convicted; and (4) acknowledged that the district court was free to choose its own sentence without regard to the plea agreement.  See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).

Considering the totality of the circumstances, we see no abuse of discretion in the district court's decision to deny Moss's motion to withdraw his guilty plea. See Brehm, 442 F.3d at 1298.[2]

**AFFIRMED.**

---

[2]    To the extent that Moss argues a claim of ineffective assistance of counsel, we decline to consider that issue on direct appeal.  See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  Any other issues mentioned in Moss's brief are too conclusory to be entertained, and are deemed abandoned.